**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FLORENCIA GARCIA, Individually and as Mother and next Friend of Baby Doe Garcia, and Alfredo Garcia,    ) ) ) ) | |
| Plaintiffs,    ) ) | |
| v.    ) ) | No. 07-C-4826 |
| PAULA L. CAVENS, M.D. and KLING MEDICAL CENTER - OB/GYN, and MOUNT SINAI HOSPITAL MEDICAL CENTER,    ) ) ) ) | HONORABLE DAVID H. COAR |
| Defendants.    ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Florencia Garcia and Alfredo Garcia ("Garcias" or "Plaintiffs") brought this

wrongful death action against Defendants Dr. Paula L. Cavens ("Cavens") and her employers

under Illinois' Wrongful Death Act, 740 ILCS 180/0.001 *et seq*., on behalf of themselves and the

decedent, Baby Doe Garcia. In an order dated September 5, 2007, this Court granted

Defendant's request to terminate Cavens and all other defendants, and substitute the United

States as the sole defendant pursuant to 42 U.S.C. § 233 (Doc. No. 5).[1] Now before this Court is

---

[1]The record is not entirely clear that the United States has substituted for *all* named defendants. *See, e.g.*, Notice of Removal ¶ 4 ("[D]efendant Dr. Paula Caven [sic] is deemed to be an employee of the United States pursuant to 42 U.S.C. § 233, for Federal Tort Claims Act purposes."). However, the only basis for Kling and Sinai's liability that can be inferred from the record is one of *respondeat superior*, a theory which is inapplicable to the United States as Cavens' substituted party defendant. Therefore, the United States is the sole remaining Defendant.

Defendant's motion to dismiss (Docket No. 3). For the reasons stated below, the motion is GRANTED.

## FACTS[2]

Paula L. Cavens, M.D. ("Cavens") is a board certified obstetrician/gynecologist. At all relevant times, Cavens was acting within the scope of her employment at the Access Community Health Center a/k/a Sinai Family Health Center ("ACHN"). ACHN is a private entity receiving grant money from the Public Health Service of the United States government. Under Cavens' advice and supervision, Florencia Garcia underwent a "dilation and curettage" medical procedure to relieve abdominal pain related to an ovarian cyst. Termination of the fetus's gestation was a secondary effect of this procedure. Plaintiffs were aware that termination would result, but had been told by Cavens previously that the pregnancy was "abnormal."

On February 6, 2007, Plaintiffs filed an action in the Circuit Court of Cook County, Illinois, entitled *Florencia Garcia, et al. v. Paula L. Cavens, M.D., et al.*, Case No. 07 L 1354. In the complaint, Plaintiffs claim that Cavens was negligent under the state Wrongful Death Act for failing to provide sufficient advice with which they could have provided knowledgeable consent. The action was removed to this Court on August 27, 2007 pursuant to 28 U.S.C. § 1441(a) and 42 U.S.C. § 233(c). Defendant moved for dismissal based on Plaintiff's failure to exhaust administrative remedies. Plaintiffs have failed to file any response to Defendant's

---

[2]These facts are largely derived from the Plaintiff's complaint and, for the purposes of this motion, are assumed to be true with all reasonable inferences made in favor of the Plaintiff. *Patel v. City of Chicago*, 383 F.3d 569, 572 (7th Cir. 2004). However, as needed they have been supplemented by uncontested factual assertions made in open court or elsewhere in the record.

motion to dismiss, and the corresponding deadline has passed.  For the reasons stated below, this

Court finds that dismissal is appropriate and therefore GRANTS Defendant's motion to dismiss.

## STANDARD OF REVIEW FOR MOTION TO DISMISS

On a motion to dismiss, the Court accepts all well-pleaded allegations in the plaintiff's

complaint as true.  Fed. R. Civ. Plaintiff. 12(b)(6).  The purpose of a 12(b)(6) motion is to decide

the adequacy of the complaint, not to determine the merits of the case.  *Gibson v. City of

Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990) (citation omitted).  A complaint should not be

dismissed "unless it appears beyond all doubt that the plaintiff can prove no set of facts in

support of his claim which would entitle him to relief."  *Conley v. Gibson*, 355 U.S. 41, 45-46

(1957).

A complaint that complies with the Federal Rules of Civil Procedure cannot be dismissed

because it fails to allege facts.  The Rules require simply that the complaint state a claim; they do

not require the complaint to plead facts that would establish the validity of that claim.  *Higgs v.

Carver*, 286 F.3d 437, 439 (7th Cir. 2002).  "All that need be specified are the bare minimum

facts necessary to put the defendant on notice of the claim so that he can file an answer."  *Id.*

(citing *Beanstalk Group, Inc. v. AM General Corp.*, 283 F.3d 856, 863 (7th Cir. 2002)).  The

Seventh Circuit has held that stating a claim in a complaint in federal court requires only "a short

statement, in plain (that is, non-legalistic) English, of the legal claim."  *Kirksey v. R.J. Reynolds

Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999).  Plaintiffs "don't have to file long

complaints, don't have to plead facts, don't have to plead legal theories."  *Id.*

# ANALYSIS

The only remaining question from Defendant's motion to dismiss is whether or not dismissal is appropriate in light of the fact that Plaintiffs failed to pursue administrative remedies before bringing this action.

This a civil action brought against the United States and, as such, can only proceed if the procedural requirements of FTCA are met. Specifically, Plaintiffs are required to "have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a); *see also McNeil v. U.S.*, 508 U.S. 106, 112, 113 S.Ct. 1980, 1984 (1993) ("Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process."); *Warrum v. U.S.*, 427 F.3d 1048, 1049-51 (7th Cir. 2005), *cert denied*, 127 S.Ct. 74 (2006). In the event that such administrative avenues of redress have not been taken, a court cannot assert subject matter jurisdiction under FTCA. *See McNeil*, 508 U.S. at 112-13; *Sullivan v. U.S.*, 21 F.3d 198, 206 (7th Cir. 1994).

There is no evidence in the record that Plaintiffs properly pursued an administrative remedy through any agency or body of the U.S. government. Plaintiffs had the assistance of counsel when filing this complaint, and that counsel could be relied upon to execute the necessary prerequisites to this action. *See McNeil*, 508 U.S. at 113 ("[T]he risk that a lawyer will be unable to understand the exhaustion requirement is virtually nonexistent."). That the United States has been substituted as the party defendant since the complaint's filing also does not excuse Plaintiffs from meeting the demands of 2675(a). *See Sullivan*, 21 F.3d at 206. Therefore, Plaintiffs have proffered no reason why Defendant's motion to dismiss should not be granted, and this Court finds none in the current record.

**CONCLUSION**

Plaintiffs' failure to meet the administrative exhaustion requirement of a civil action brought under FTCA precludes assertion of subject matter jurisdiction in this case. Defendant's motion to dismiss is GRANTED.

Enter:

/s/ David H. Coar

_____

David H. Coar
United States District Judge

Dated: **October 17, 2007**